IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | | |
|---|---|---|
| STEPHANAE PRUDE, | ) | |
| Plaintiff, | ) | |
| v. | ) | CASE NO. |
| SANTANDER CONSUMER USA, INC., successor in interest to Drive Financial Services; and SOUTHERN CARRIERS & RECOVERY, LLC, | ) ) ) ) | CV-10-CO-1014-W |
| Defendants. | ) | |

## COMPLAINT

**COMES NOW** the Plaintiff Stephanae Prude ("Plaintiff" or "Prude"), and for her complaint against the Defendants, Santander Consumer USA, Inc. ("Santander") and Southern Carriers & Recovery, LLC ("Southern"), states as follows:

### PARTIES, JURISDICTION AND VENUE

1. Prude is an individual over the age of nineteen years and residing in Tuscaloosa County, Alabama.

2. Southern is a limited liability company organized under the laws of the State of Alabama, with a principal place of business located in Chilton County, Alabama. Southern repossesses automobiles for creditors.

3. Santander is a corporation organized and existing under the laws of a state other than Alabama, the principal place of business of which is in a state other than Alabama. Santander finances automobiles. At all relevant times, Southern acted as repossession agent of Santander.

4. This Court has original jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1334. With respect to the claim asserted in Count Five hereof, Plaintiff intends to move this Court to withdraw the reference of such claim to the United States Bankruptcy Court, pursuant to 28 U.S.C. § 157(d), because the other claims asserted herein are outside the reference of the bankruptcty court and are subject to the right to trial by jury. Venue is proper in this action, in that a substantial portion of the acts or omissions giving rise to this claim occurred in this judicial district.

## FACTUAL ALLEGATIONS

5. Prude purchased a 2006 Chrysler Town and Country van (the "van") and financed it with Drive Financial Services. Eventually, the financing contract with Drive was assigned to Santander.

6. On December 1, 2009, Plaintiff filed Chapter 13 Bankruptcy in the United States Bankruptcy Court for the Northern District of Alabama, Western Division. The bankruptcy was assigned case number 09-73196-CMS13. Plaintiff

listed her indebtedness to Santander, secured by the van, as a scheduled debt in her bankruptcy petition.

7. According to the service records of the bankruptcy court, Santander was served with the bankruptcy petition on the date of filing, December 1, 2009. Indeed, on December 2, 2009, the next day, Santander filed a Proof of Claim in Plaintiff's bankruptcy case. A true and correct copy of that Proof of Claim is attached as Exhibit 1 hereto.

8. Santander employed or commissioned Southern as its repossession agent and charged Southern with the responsibility of effecting a repossession of Plaintiff's van. Despite the fact that it had actual knowledge of Plaintiff's bankruptcy filing, Santander did not instruct Southern to stop repossession activities, nor did Santander obtain any relief from the automatic stay in bankruptcy to effect a repossession of Plaintiff's van.

9. In the early morning hours of December 9, 2009, at approximately 12:30 am, Plaintiff was at her home in Duncanville, Alabama. Her van was parked outside her home, on her property. Plaintiff's teenage children were inside her home asleep, as was Plaintiff's mother.

10. At approximately 12:30 am on December 9, 2009, Plaintiff noticed two men standing immediately outside her home, on her property, as seen on a

3

security camera installed at Plaintiff's home. These two men were agents or employees of Southern, and were attempting to repossess Plaintiff's van.

11. Plaintiff walked outside her front door and asked the men what they were doing. The men replied that they were repossessing Plaintiff's van. Plaintiff specifically informed the men that she had filed for bankruptcy protection. Plaintiff specifically offered to show the men the papers documenting the filing of the bankruptcy petition. The men told her they were not interested in seeing the papers and that they intended to take Plaintiff's van. All the while, the men were trespassing on Plaintiff's property.

12. Plaintiff went back into her home and obtained the keys to her van. She then went back outside and got into her van and prepared to drive it off. At that point, the men caused their truck to hit the driver-side door and quarter panel of Plaintiff's van, placing her within the zone of danger of bodily injury and causing substantial damage to Plaintiff's van.

13. Plaintiff was able to get away from the men by driving the van through some woods adjacent to her house and eventually hitting a paved road. She then had to drive for about 20 minutes to compose herself, then had to drop the vehicle at her mother's home and cause her separated husband, who was then at work, to leave work, pick her up, and take her back to her home. By the time

Plaintiff arrived back at her home, it was about 5 am on the morning of December 9. She then had to get her children ready for school the next morning.

14. A few weeks later, a Tuscaloosa County Sheriff's Deputy came to Plaintiff's home on a Wednesday evening to discuss the situation with Plaintiff. Plaintiff was not at home; she was visiting her brother in the hospital. Plaintiff's mother answered the door and let the Sheriff's Deputy into the home. Plaintiff's children were present.

15. Thereafter, the principal owner of Southern, Daniel Castleberry, lodged a criminal complaint against Plaintiff, falsely claiming that Plaintiff rammed Southern's repossession truck with her vehicle. Plaintiff is currently being forced to defend that criminal action, in which she is being accused of Criminal Mischief, a Class C felony, for allegedly damaging Southern's equipment when (1) the Defendants' repossession agents had no legal basis for trespassing on Plaintiff's property at 12:30 am at night, and (2) the Defendants had no legal basis for attempting to take the Plaintiff's van.

16. As a direct result of the Defendants' unjustified and inexplicable actions, Plaintiff has suffered economic damages, extreme humiliation and embarrassment, upset and worry, all of which are the direct result of the Defendants' unjustified and intolerable actions.

## COUNT ONE - OUTRAGE

17. Plaintiff realleges and adopts by reference all prior allegations of the Complaint, as if set forth fully herein.

18. Defendants had no justification to attempt to take the Plaintiff's van. The Defendants knew that Plaintiff had filed for bankruptcy protection. Nevertheless, Defendants unjustifiably and without any arguable basis attempted to take the Plaintiff's van while she was at her home, in the middle of the night. The actions of Defendants are so extreme and intolerable that they cannot be justified in any respect in a civilized society.

19. As a direct and proximate result of the Defendants' outrageous conduct, Plaintiff has suffered extreme emotional distress as alleged herein above. She has suffered sleepless nights, extreme embarrassment, humiliation, loss of apetite, loss of enjoyment of life, and such other particulars as may be proven at trial.

**WHEREFORE,** Plaintiff demands judgment against Defendants in such amount of compensatory and punitive damages as may be awarded at the trial of this cause, together with interest and costs of this action.

## COUNT TWO – TRESPASS

20. Plaintiff realleges and adopts by reference all prior allegations of the Complaint, as if set forth fully herein.

21. Defendant Southern, acting as agent for defendant Santander, trespassed upon the Plaintiff's land without justification.

22. As a proximate result thereof, Plaintiff is entitled to recover damages.

WHEREFORE, Plaintiff demands judgment against Defendants in such amount of compensatory and punitive damages as may be awarded at the trial of this cause, together with interest and costs of this action.

## COUNT THREE – VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT AGAINST SOUTHERN

23. Plaintiff realleges and adopts by reference all prior allegations of the Complaint, as if set forth fully herein.

24. Southern was a "debt collector" within the meaning of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692a(6).

25. Southern violated the FDCPA by communicating directly with Plaintiff, when Southern had actual and/or constructive knowledge that Plaintiff was represented by counsel in connection with the debt on her car, in violation of 15 U.S.C. § 1692c(a)(2).

26. Southern violated the FDCPA by employing unconscionable and unfair means to collect from Plaintiff, to wit, by attempting to repossess Plaintiff's van when Defendants had no right to repossess same, in violation of 15 U.S.C. §1692f(6).

27. As a proximate result of these violations of law, Plaintiff has been damaged.

**WHEREFORE,** Plaintiff demands judgment against Defendants in such amount of actual, statutory, and other damages as may be awarded at the trial of this cause, together with interest and costs of this action, including reasonable attorneys fees as awardable under the FDCPA.

### COUNT FOUR – INVASION OF PRIVACY

28. Plaintiff realleges and adopts by reference all prior allegations of the Complaint, as if set forth fully herein.

29. Defendants intentionally and without justification intruded upon Plaintiff's seclusion by (1) trespassing on Plaintiff's property in the middle of the night, (2) without any lawful basis for doing so, (3) attempting to repossess Plaintiff's van when they had no right to do so, (4) ignoring Plaintiff's insistence that she was in bankruptcy and, as a result, they could not repossess the van, (5) falsely accusing Plaintiff of inflicting property damage on Defendant's repossession truck, when in fact the Defendants' agents inflicted damage on Plaintiff's van.

30. As a proximate result of such acts, Plaintiff has suffered economic and emotional damages.

31. Defendants undertook their actions intentionally and willfully, thus warranting the imposition of punitive damages.

WHEREFORE, Plaintiff demands judgment against Defendants in such amount of compensatory and punitive damages as may be awarded at the trial of this cause, together with interest and costs of this action.

## COUNT FIVE – VIOLATION OF AUTOMATIC STAY

32. Plaintiff realleges and adopts by reference all prior allegations of the Complaint, as if set forth fully herein.

33. This claim falls within the Court's original jurisdiction Upon the filing of Plaintiff's bankruptcy petition on December 1, 2009, the automatic stay imposed by 11 U.S.C. § 362(a) was imposed. Defendant Santander had actual knowledge of the pendency of the Plaintiff's bankruptcy, in that Santander filed a claim against the estate of the Plaintiff on December 2, 2009.

34. Notwithstanding Santander's actual knowledge of the bankruptcy of Plaintiff, Santander and its agent Southern violated the automatic stay imposed by section 362(a) by attempting to repossess Plaintiff's car on or about December 9, 2009.

35. As a proximate result thereof, Plaintiff has been damaged. Further, because defendants acted knowingly and willfully, punitive damages should be imposed.

WHEREFORE, pursuant to 11 U.S.C. § 362(k), Plaintiff requests that the Court enter an award of actual damages, costs, attorneys fees, and punitive damages, and such further relief as may be just and equitable.

### JURY DEMAND

Plaintiff demands trial by struck jury as to all claims so triable.

/s/ Wilson F. Green
Wilson F. Green (ASB-8293-E61W)
Attorney for Plaintiff

**OF COUNSEL:**
**FLEENOR GREEN & McKINNEY LLP**
204 Marina Drive, Ste. 200
Tuscaloosa, Alabama 35406
Telephone: (205) 722-1018
Fax: (205) 776-2606
Email:    wgreen@fleenorgreen.com

**PLAINTIFF REQUESTS THAT THE DEFENDANTS BE SERVED BY CERTIFIED MAIL AT:**

Southern Carriers & Recovery, LLC
c/o CASTLEBERRY, DANIEL
1155 CO RD 295
JEMISON, AL 35180

Santander Consumer USA, Inc.
c/o C T CORPORATION SYSTEM
2 NORTH JACKSON ST., SUITE 605
MONTGOMERY, AL 36104