UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | |
|---|---|
| STEPHANAE PRUDE, | ] |
| | ] |
| Plaintiff, | ] |
| | ] |
| vs. | ] 7:10-cv-01014-LSC |
| | ] |
| SANTANDER CONSUMER USA, INC., | ] |
| SOUTHERN CARRIERS & RECOVERY | ] |
| LLC, PATRICK K. WILLIS COMPANY, | ] |
| INC., and DANIEL CASTLEBERRY, | ] |
| | ] |
| Defendants. | ] |

ORDER

I.   Introduction.

Defendants Southern Carriers & Recovery, LLC ("SCR, LLC") and Daniel Castleberry (collectively "these defendants") filed the pending motion to dismiss the cross-claims of Patrick K. Willis Company, which does business as American Recovery Service ("ARS"). (Doc. 29). In its third-party complaint, ARS alleges that SCR, LLC and Castleberry must indemnify it for any recovery by Plaintiff Prude. (Doc. 24 at 10.) As grounds for this indemnification, ARS attaches a contract between it and a sole

proprietorship, Southern Carriers & Recovery ("sole proprietorship"). (Doc. 24-1.) SCR, LLC and Castleberry now seek to dismiss that complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure, asserting they are not parties to the agreement. (Doc. 29 at 4-5.) Alternatively, these defendants request dismissal under Rule 12(b)(3) because of a venue clause in the contract or bifurcation of Prude's claims from ARS's claims against them. (Doc. 29 at 6.) The issues raised in these defendants' motion are now ripe for decision. After considering the presented legal arguments and evidence, the motion is due to be denied.

II.   Facts.[1]

ARS contracts with banks and other financial institutions seeking to recover collateral—usually cars—from customers. ARS then contracts with outside agencies—located close to the collateral—for the collateral's recovery.

On April 7, 2009, Shaye Castleberry executed an "Outside Service Agreement" on behalf of the sole proprietorship and in favor of ARS. (Doc.

---

[1] Unless otherwise indicated, the facts are taken from ARS's Complaint and exhibits attached thereto. (Doc. 24.)

24-1.)  Two parts of the agreement are important for the present motion. First, the agreement states that "[Southern Carriers & Recovery] hereby agrees to defend, indemnify and hold [ARS] harmless from any and all [liability and attorney's fees in any form] arising from or relating to [Southern Carriers & Recovery's] acts or omissions in connection with attempting to recover or the recovery of collateral pursuant to any assignments from [ARS] . . . ."  (Doc. 24-1 at 4.)  And the agreement states that "venue of any action brought to interpret or enforce this Agreement shall be in federal or state court in Sacramento County, California" and provides that the sole proprietorship consents to jurisdiction there.  (Doc. 24-1 at 9.)  Shaye Castleberry is Castleberry's former spouse.

On December 1, 2009, Castleberry, the operator of the sole proprietorship, received an assignment to repossess Plaintiff Prude's car. The next day ARS learned that Prude had filed for bankruptcy and directed Castleberry to discontinue repossession.  Prude alleges that a wrongful repossession occurred on December 9, 2009.  On December 29, 2009, Castleberry created a legal entity, SCR, LLC.

III.    Standard of Review.

A defendant may move to dismiss a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) if the plaintiff has failed to state a claim upon which relief may be granted. "The standard of review for a motion to dismiss is the same for the appellate court as it [is] for the trial court." *Stephens v. Dep't of Health & Human Servs.*, 901 F.2d 1571, 1573 (11th Cir. 1990). "When considering a motion to dismiss, all facts set forth in the plaintiff's complaint 'are to be accepted as true and the court limits its consideration to the pleadings and exhibits attached thereto.'" *Grossman v. Nationsbank, N.A.*, 225 F.3d 1228, 1231 (11th Cir. 2000)(quoting *GSW, Inc. v. Long Cnty.*, 999 F.2d 1508, 1510 (11th Cir. 1993)). All "reasonable inferences" are drawn in favor of the plaintiff. *St. George v. Pinellas Cnty*, 285 F.3d 1334, 1337 (11th Cir. 2002).

To survive a 12(b)(6) motion to dismiss for failure to state a claim, the complaint "does not need detailed factual allegations." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 545 (2007).[2]   But the "plaintiff's obligation to

---

[2]In *Bell Atlantic Corp. v. Twombly*, the U.S. Supreme Court abrogated the oft-cited standard that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief" set forth in *Conley v. Gibson*, 355 U.S. 41 (1957). *Bell Atl. Corp.*, 550 U.S. at 560-63. The Supreme Court stated that the "no set

provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.  Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 555 (internal citations omitted).  The plaintiff must plead "enough facts to state a claim that is plausible on its face." *Id.* at 570.  Unless a plaintiff has "nudged [his] claims across the line from conceivable to plausible," the complaint "must be dismissed." *Id.*

"[U]nsupported conclusions of law or of mixed fact and law have long been recognized not to prevent a Rule 12(b)(6) dismissal." *Dalrymple v. Reno*, 334 F.3d 991, 996 (11th Cir. 2003) (quoting *Marsh v. Butler Cnty., Ala.*, 268 F.3d 1014, 1036 n.16 (11th Cir. 2001)).  And "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief." *Ashcroft v. Iqbal*, --- U.S.

---

of facts" standard "is best forgotten as an incomplete, negative gloss on an accepted pleading standard: once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Id.* at 563.

----, 129 S. Ct. 1937, 1950 (2009) (quoting Fed. R. Civ. P. 8(a)(2)). Therefore, the U.S. Supreme Court suggested that courts adopt a "two-pronged approach" when considering motions to dismiss: "1) eliminate any allegations in the complaint that are merely legal conclusions; and 2) where there are well-pleaded factual allegations, 'assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.'" *American Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1290 (11th Cir. 2010) (quoting *Iqbal*, 129 S. Ct. at 1950). Importantly, "courts may infer from the factual allegations in the complaint 'obvious alternative explanation[s],' which suggest lawful conduct rather than the unlawful conduct the plaintiff would ask the court to infer." *Id.* (quoting *Iqbal*, 129 S. Ct. at 1951-52). However, "[a] complaint may not be dismissed because the plaintiff's claims do not support the legal theory he relies upon since the court must determine if the allegations provide for relief on any possible theory." *Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364 (11th Cir. 1997).

III.   Analysis.

    A.   12(b)(6).

SCR, LLC argues that ARS cannot state a claim against it because it was not a party to the agreement; the sole proprietorship was.  ARS responds by arguing that it has alleged a plausible claim of successor liability.

When one company sells or transfers assets to another company, Alabama law generally does not hold the transferee responsible for existing liabilities.  *See Turner v. Wean United, Inc.*, 531 So. 2d 827, 830 (Ala. 1988).[3]  But the following four exceptions exist in which an transferee is responsible:

1. the transferee expressly agrees to assume the obligations of the transferor;

2. the transaction amounts to a de facto merger or consolidation of the two companies;

3. the transaction is a fraudulent attempt to escape liability; or

4. the transferee corporation is a mere continuation of the transferor.

---

[3]As this is a 28 U.S.C. § 1332(a) diversity action, this Court applies federal procedural law and Alabama's substantive law.  *See Hammer v. Slater*, 20 F.3d 1137, 1140 (11th Cir. 1994).

*Chumney v. U.S. Repeating Arms Co., Inc.*, 196 F.R.D. 419, 423 (M.D. Ala. 2000) (citing *Turner*, 531 So. 2d at 830).  In addition, when "the business is but a continuation of the old and is conducted as before, under the same name and management, the corporation, so formed and operated, will be liable for the existing debts [and obligations] of the unincorporated entity, as it will be presumed that such debts [or obligations] were assumed." *Clardy v. Sanders*, 551 So. 2d 1057, 1062 (Ala. 1989).

ARS alleges that Castleberry operated the sole proprietorship, Southern Carriers & Recovery, and then incorporated SCR, LLC on December 29, 2009.  The similar names and management suggest continuity. Moreover, Castleberry incorporated SCR, LLC three weeks after an incident that potentially exposed him to personal liability.  The temporal proximity indicates an attempt to escape liability.  But, of course, more facts are necessary to determine whether SCR, LLC continues the business of the sole proprietorship and whether any fraudulent attempt to secrete assets exists. Dismissal, in sum, is inappropriate at this stage in the proceedings.  ARS thus states a plausible claim of successor liability against SCR, LLC, which would obligate it to indemnify ARS under the contract.

These defendants argue that ARS cannot state a claim against Castleberry because the agreement did not mention him.  (Doc. 29 at 5.)  ARS contends that the scope of Shaye Castleberry's authority prompts factual questions.  Castleberry's ex-wife signed the agreement for the sole proprietorship, a business that Castleberry himself operated.  Possibly, she intended to bind  Castleberry.  Possibly, she intended to bind only herself as a representative of the sole proprietorship.  The Court needs more facts to determine the answer, rendering dismissal of the claim inappropriate.  ARS thus states a plausible claim against Castleberry.

B.     Rule 12(b)(3).

These defendants move to dismiss for improper venue because of the forum selection clause in the agreement.  (Doc. 29 at 6.)  ARS argues that venue is proper.  "Motions to dismiss based upon forum-selection clauses are cognizable as motions to dismiss for improper venue," rendering Rule 12(b)(3) an appropriate procedural vehicle.  *Lipcon v. Underwriters at Lloyd's, London*, 148 F.3d 1285, 1290 (11th Cir. 1998).  "[T]he first question for consideration [is] whether § 1404(a) itself controls [the] request to give effect to the parties' contractual choice of venue . . . ."  *Stewart Org., Inc.*

*v. Ricoh Corp.*, 487 U.S. 22, 29 (1988). Section 1404(a) states:"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."

This section allows a court to transfer an entire action. But here, these defendants argue that ARS's third party claims—not the entire action—are in an improper venue. Section 1404(a) does not thus control the request to effect the parties' contractual choice. In any event, these defendants do not invoke Section 1404(a).

"Where the parties have by contract selected a forum, it is incumbent upon the party resisting to establish that the choice was unreasonable, unfair, or unjust." *In re Fireman's Fund Ins. Comp., Inc.*, 588 F.2d 93, 95 (5th Cir. 1979).[4] ARS argues that dismissing its cross-claim would result in a "gross waste of the parties' resources." (Doc. 35 at 9-10.) This Court agrees. These defendants seek to dismiss ARS's cross-claim. Even if successful, both defendants would remain in court to defend against

---

[4] The Eleventh Circuit adopted all Fifth Circuit decisions issued prior to the close of business on September 30, 1981 as binding precedent. *Bonner v. City of Prichard, Ala.*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

Plaintiff Prude's claims. Yet ARS could still refile its claims in California. These defendants and ARS would then have to litigate in California where no related action exists. And a California court would have to expend judicial resources in handling the case or at least in letting the case idle on its docket while waiting for this Court to deal with the underlying issue: whether an obligation exists for which these defendants might have to indemnify ARS. Enforcing the clause would be unreasonable because it is unfair to both parties and a waste of judicial resources.

C. Motion to Bifurcate.

These defendants contend that the Court should bifurcate Plaintiff Prude's claims from ARS's claims and order separate trials under Rule 42(b). Rule 42(b) states that "[f]or convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims."

Bifurcating these claims would neither economize nor expedite the proceedings. Both sets of claims share this discovery issue: whether SCR, LLC or the sole proprietorship represented by Castleberry was involved in the incident with Plaintiff Prude. Bifurcating the claims would require

duplicating the discovery process, an unnecessary event. These defendants' suggest that one trial "would undoubtedly confuse the jury and certainly prejudice these Defendants if issues of insurance coverage and/or indemnity . . . were interjected into this action." (Doc. 29 at 7.)  But even without trying ARS's cross-claims, Plaintiff Prude claims against four defendants, which necessitates inquiring into the interlocking contractual relationships—creating overlapping duties—between them.  The issue of indemnity will not "confuse the jury" as these defendants contend.  (Doc. 29 at 7.)  The Court declines to bifurcate the claims.

V. Conclusion.

For the reasons stated above, the Court denies these defendants' motion to dismiss and motion to bifurcate. (Doc. 29.)  A separate order conforming with this opinion will be entered.

Done this <u>16th</u> day of December 2010.

_____
L. SCOTT COOGLER
UNITED STATES DISTRICT JUDGE